JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PEARL CARTER

**(b)** County of Residence of First Listed Plaintiff: **MADISON**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
CITY OF ALTON, ALTON POLICE DEPARTMENT, OFFICER, MICHAEL MORELLI and OFFICER JEFFREY HENDERSON

County of Residence of First Listed Defendant: **MADISON**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. ss 1983

Brief description of cause:
Civil Rights violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 500,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
/s/ Phillip Baldwin

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEARL CARTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 3:17-cv-00897 |
| THE CITY OF ALTON, ALTON POLICE DEPARTMENT, OFFICER MICHAEL MORELLI and OFFICER JEFFREY HENDERSON, | ) ) ) ) ) |

## NOTICE OF ENTRY OF APPEARANCE

Comes now Phillip Baldwin, and hereby enters his appearance on behalf of the Petitioner, Pearl Carter.

AARON CROWDER,

/s/Phillip Baldwin #06320255
Scroggins Law Office Ltd.
1506 Johnson Road, Suite 200
Granite City, Illinois 62040
(618) 876-5300
(618) 876-5135 (fax)
scroggins_law@juno.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEARL CARTER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF ALTON, ALTON POLICE )<br>OFFICER MICHAEL MORELLI, and )<br>JEFFREY HENDERSON )<br>)<br>Defendants. ) | No. 3:17-cv-00897<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff PEARL CARTER, by her attorneys, Scroggins Law Office, Ltd., hereby brings this action under 42 U.S.C. §1983 to redress his civil and legal rights, and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff, PEARL CARTER, seeks relief for the Defendant's violations of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth, and Fourteenth Amendments, and by the laws and Constitution of the State of Illinois. Plaintiff seeks compensatory and punitive damages, and award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth, and Fourteenth Amendments. Jurisdiction is conferred upon this court

1

by 28 U.S.C. §§1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue is proper under 28 U.S.C. § 1391(b) and (c) in that Defendant CITY OF ALTON is administratively located within the Southern District of Illinois, and the events giving rise to this claim occurred with the boundaries of the Southern District of Illinois.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

## PARTIES

6. At all times relevant to this action, Plaintiff PEARL CARTER was a resident of Madison County, Illinois. She is currently a resident of Madison County, Illinois.

7. Defendant CITY OF ALTON is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of Illinois. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF ALTON assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF ALTON was at all times relevant herein the public employer of Defendant MICHAEL MORELLI.

8. Defendant MORELLI is and was at all times relevant herein duly appointed and an acting officer, servant, employee, and agent of the Alton Police Department, a municipal agency of Defendant CITY OF ALTON. Defendant MORELLI, acting in his role as officer, servant, employee, and agent of the Alton Police Department authorized, empowered and encouraged Defendant JEFFREY HENDERSON's participation in the arrest of Plaintiff.

9. Defendants MORELLI and Henderson were at all times relevant herein acting under the color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of Illinois and the Alton Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant CITY OF ALTON, were acting for, and on behalf of, and with the power and authority vested in them by the CITY OF ALTON and the Alton Police Department, or were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties, or were conspiring to act in conjunction with officers, agents, servants, and employees of the Alton Police Department. They are sued individually and in their official capacity.

10. By the conduct, acts, and omissions complained of herein, Defendants MORELLI and Henderson violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments to the United States Constitution of which a reasonable police officer or reasonable private citizen under the circumstances would or should have known.

## NOTICE OF CLAIM

11. Plaintive timely filed a notice of claim with the Alton Police Department, setting forth the facts underlying Plaintiffs claim against officer MICHAEL MORELLI, and Defendant CITY OF ALTON.

12. The CITY OF ALTON responded to Plaintiff's notification. To date, no compensation has been offered by Defendants in response to this claim.

13. This action has been commenced within one year of the date of occurrence of the events giving rise to this complaint.

## STATEMENT OF FACTS

14. On August 23, 2016 at approximately 8:30 am in the morning, Officer MICHAEL MORELLI of the Alton Police Department stopped Plaintiff's son, AARON CROWDER during his morning walk from his home at 569 Highland Avenue, Alton, IL to Plaintiff's residence at 708 Highland Avenue, Alton, IL.

15. Officer MORELLI claims to have mistakenly identified AARON CROWDER as Brandon Singleton, an individual that Officer MORELLI believed to have an active warrant for his arrest. AARON CROWDER had no such warrant.

16. AARON CROWDER is an African-American male, 42 years of age at the date of this incident, and weighed 145 pounds.

17. Officer MORELLI is a large Caucasian police officer, over 6-foot-tall, and weighing over 200 pounds.

18. When Officer MORELLI advised Aaron that he had pending warrants for his arrest, he denied having any warrants, but still placed his hands behind his back.

19. When Officer MORELLI applied the first handcuff to Mr. Crowder's wrist, he applied such excessive force to the handcuff that Mr. Crowder screamed in pain and begged the officer to loosen the cuff. Officer MORELLI responded by tightening the cuff.

20. The cuff cut into the Mr. Crowder's wrist causing such intense pain that he was unable to think or react in any reasonable manner.

4

21. As Mr. Crowder turned and begged Officer MORELLI to loosen the cuff, Officer MORELLI advised him to lie down on the ground. Mr. Crowder tried to comply but Officer MORELLI would not allow him to comply, all the while Officer MORELLI repeatedly pressed a button on a device connected to his utility belt, apparently in an effort to release his K9 partner JAX.

22. These efforts were unsuccessful, so Officer MORELLI began dragging Mr. Crowder closer to his service vehicle. These actions caused large tears to the flesh of Mr. Crowder's wrists. When in range, the K9 unit was remotely released and Officer MORELLI commanded him to engage with Mr. Crowder.

23. Simultaneously, Officer MORELLI deployed his department issued taser on Mr. Crowder. Subsequently, Officer MORELLI repeatedly punched Mr. Crowder on his face and head, and kicked him in his crotch.

24. The K9 named JAX is a German Sheppard police dog weighing over 100 pounds. Officer MORELLI repeatedly commanded JAX to engage with Mr. Crowder, which he did with great violence. Plaintiff received numerous large lacerations and puncture wounds to his right thigh, left thigh, left buttocks region, groin, left hip, right knee, left knee, and left ribcage.

25. During this attack, Plaintiff, a 77-year-old, 5'4", 130-pound woman, and mother to AARON CROWDER, exited her residence and was horrified to see her son being attacked by a large dog. Observing her son being mauled by the K9 JAX, and battered by Officer MORELLI, Plaintiff began pleading with Officer MORELLI to stop the dog from biting her son, whom she observed screaming in pain.

26. During this incident, Defendant JEFFREY HENDERSON stopped his vehicle in the roadway and was instructed by Officer MORELLI to help him wrestle Mr. Crowder to the

5

ground. Mr. Henderson complied and held Mr. Crowder to the ground by placing his knee on the back of his neck.

27. Officer MORELLI then used "necessary force" to deter Plaintiff Mrs. Carter from obstructing his actions. This "necessary force" consisted of slamming Mrs. Carter face down onto the ground with sufficient force to eject her false teeth from her mouth and propel them across the yard. Mr. Crowder was subsequently taken to taken to Alton Memorial Hospital where he received dozens of stitches, but no pain medication. As soon as his wounds were bandaged and stitched, he was transferred to the Madison County Jail where he received no medical care. Mrs. Carter was transferred directly to the Madison County Jail.

28. During his stay at the Madison County Jail, Plaintiff was forced to wear bloody and torn clothing for several days. His wounds were agonizingly painful, and became infected. As he had virtually no part of his body that had not been injured in some form or fashion, Mr. Crowder found it impossible to sleep due to pain from his wounds and nightmares of being bitten by a dog.

29. At no time during the course of this incident did Plaintiff pose a threat to the safety of the Defendants or the public. Plaintiff was peacefully drinking her morning coffee before observing the horrendous attack on her son.

30. The conduct of the Defendant officer, and his assistant, in detaining and using force against Plaintiff and her son, was totally without probable cause, was excessive, and was done maliciously, falsely and in bad faith.

31. As a result of the events alleged herein, and the subsequent period of incarceration, Plaintiff has experienced severe mental distress, emotional trauma, discomfort, humiliation, fear, anxiety, and embarrassment, among other things.

## CAUSES OF ACTION

### FIRST CLAIM: EXCESSIVE FORCE

### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983

32. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

33. The conduct and actions of Defendants MICHAEL MORELLI and JEFFREY HENDERSON, acting in concert and under the color of law, and authorizing, directing and/or causing multiple injuries to Plaintiff, was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and caused specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and 14th Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

34. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty, and was otherwise damaged and injured.

### SECOND CLAIM: DENIAL OF MEDICAL CARE

### DEPRIVATION OF RIGHTS UNDER THE 14TH AMENDMENT AND 42 U.S.C. § 1983

35. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

36. Members of the Alton Police Department have an affirmative duty to seek medical attention for persons who are injured in the course of being apprehended by the police.

37. Defendant MICHAEL MORELLI had an obligation to seek medical attention for PEARL CARTER, who was injured by Officer MORELLI and Mr. Henderson's use of excessive and unnecessary force, but instead, he took no action to provide appropriate medical care, disregarding the obvious risk to the Plaintiff's health.

38. The conduct and actions of Defendant MICHAEL MORELLI, acting under the color of law, and failing to request or obtain medical attention for Plaintiff, was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for Plaintiff's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs substantial due process rights as guaranteed under 42 U.S.C. § 1983, and the 14th Amendment to the United States Constitution.

39. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

### THIRD CLAIM: MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS

### MONELL CLAIM AGAINST THE CITY OF ALTON 42 U.S.C. § 1983

40. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

41. The CITY OF ALTON directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the Defendant officer and his assistant. The conduct of the Defendant officer was a direct consequence of policies and practices of Defendant CITY OF ALTON.

42. At all times relevant to this complaint Defendant CITY OF ALTON, acting through the Alton Police Department, had in affect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual Defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

43. The CITY OF ALTON knew or should have known of the Defendant officer's propensity to engage in misconduct of the type alleged herein. It was the policy and/or custom of the CITY OF ALTON to inadequately train, supervise and discipline its police officers, including the Defendant officer, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The city did not require appropriate in-service training or retraining of its police officers. As a result of the above described policies and customs, police officers of the CITY OF ALTON, including the Defendant officer, could believe that his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

44. The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of the policy makers of the CITY OF ALTON to the constitutional rights of persons within the city, and were the direct and proximate cause of the violation of Plaintiffs rights alleged herein.

## FOURTH CLAIM: ASSAULT AND BATTERY

45. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

46. By the conduct and actions described above, Defendants MICHAEL MORELLI and JEFFREY HENDERSON inflicted the torts of assault and battery upon Plaintiff. The acts and conduct of the Defendants are the direct and proximate cause of injury and damage to the

9

Plaintiff and violated Plaintiff's statutory and common-law rights as guaranteed by the laws and constitution of the state of Illinois.

47. Defendants acts constituted an assault on Plaintiff in that they intentionally attempted to injure Plaintiff or commit a battery upon her. Furthermore, their acts represented a grievous affront to Plaintiff.

48. The injuries sustained by Plaintiff were wholly and solely caused by reason of the conduct described, and Plaintiff did not contribute thereto.

49. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty, and was otherwise damaged and injured.

### FIFTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

51. Defendant MORELLI's conduct, in assaulting and battering Plaintiff, was careless and negligent as to the emotional health of Plaintiff, and caused severe emotional distress to Plaintiff.

52. The acts and conduct of Defendant MORELLI was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the law and Constitution of the State of Illinois.

53. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

## SIXTH CLAIM: NEGLIGENCE

### COMMON LAW CLAIM

54. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if set forth herein.

55. Defendant MORELLI, while acting as agent and employee for Defendant CITY OF ALTON, in his capacity as a police officer for the CITY OF ALTON, owed a duty to Plaintiff to perform his police duties without the use of excessive force. Defendant MORELLI's use of force upon Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendant MORELLI or to others constitutes negligence for which Defendant MORELLI is individually liable.

56. Defendant MORELLI'S use of force upon Plaintiff when Defendant MORELLI had no lawful authority to arrest Plaintiff or to use force against Plaintiff constitutes negligence for which Defendant MORELLI is individually liable.

57. As a proximate result of Defendant MORELLI's negligent use of excessive force, Plaintiff sustained physical and emotional pain and suffering, and was otherwise damaged and injured.

## SEVENTH CLAIM: RESPONDEAT SUPERIOR LIABILITY
## OF THE CITY OF ALTON FOR STATE LAW VIOLATIONS

### COMMON LAW CLAIM

58. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

59. The conduct of Defendant MORELLI alleged herein occurred while he was on duty and in uniform, in and during the course and scope of his duties and functions as an Alton City

Police Officer, and while he was acting as an agent, officer, servant, and employee of Defendant CITY OF ALTON. As a result, Defendant CITY OF ALTON is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

### EIGTH CLAIM:  NEGLIGENT SUPERVISION, RETENTION, AND TRAINING
### COMMON LAW CLAIM

60. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

61. Defendant CITY OF ALTON negligently trained, retained, and supervised Defendant MORELLI. The acts and conduct of Defendant MORELLI were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the of the State of Illinois.

62. As a result of the foregoing, Plaintiff was deprived of her liberty, was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

/s/ PHILLIP BALDWIN 6320255
SCROGGINS LAW OFFICE LTD.,
1506 JOHNSON ROAD
GRANITE CITY, IL  62040
EMAIL: scroggins_law@juno.com
(618) 876-5300 (T)
(618) 876-5135 (F)

Attorneys for Plaintiff